UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.M.Q.A, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LUGO, et al.,<br><br>　　　　　Defendants. | Case No.  1:20-cv-01556-JLT-EPG<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY<br><br>(ECF No. 91) |

　　　　Defendants filed a motion to stay this case on February 16, 2024. (ECF No. 91.) To date, Plaintiffs have not filed an opposition. Defendants request a sixty-day stay as the parties engage in "discussions over potential resolution of this case." (*Id.* at 2.) Defendants also request that all pending dates and deadlines be vacated. According to the motion, Plaintiffs do not oppose the stay. (*Id.*)

　　　　District courts have broad discretion in deciding whether to stay a case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The moving party has the burden to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In determining whether to enter a stay, the court must consider the competing interests at stake, including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party

1

may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

Applying the relevant factors to this case, the Court finds that a stay is appropriate. As noted in the motion, the parties' and the Court's time and resources will be conserved by a stay. (*See* ECF No. 91 at 2.) Settlement discussions may simplify or resolve the issues in this case and a stay will thus promote the orderly course of justice. Additionally, because the parties agree that a stay is appropriate, the possible damage that may result from a stay and the hardship or inequity to the parties are minimal.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to stay (ECF No. 91) is granted;
2. This case is stayed through April 29, 2024;
3. All pending dates and deadlines are vacated, to be reset if necessary; and
4. On or before April 29, 2024, the parties shall file a joint status report regarding the status of the case.

IT IS SO ORDERED.

Dated:  **February 29, 2024**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE

2