UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIA MAGEB QASEM AL-ATRI, et al., | Case No. 1:20-cv-01556-JLT-EPG |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT: |
| v. | PLAINTIFFS' MOTION FOR LEAVE TO AMEND TO FILE A FOURTH AMENDED COMPLAINT BE GRANTED IN PART, and |
| MONICA B. LUGO, et al., | |
| Defendants. | DEFENDANTS' MOTION FOR 12(B)(1) DISMISSAL OF PLAINTIFF'S THIRD AMENDED COMPLAINT BE DENIED AS MOOT. |
| | (ECF Nos. 96 and 101) |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

In this lawsuit, Plaintiffs Muneera Nasr Ali Abdullah ("Muneera"), Alia Mageb Qasem Al-Atri ("Alia"), and Ramzi Mageb Qasem Al-Atri ("Ramzi")[1] assert federal statutory and constitutional claims arising from the denial of Alia and Ramzi's N-600K Applications for Citizenship and Issuance of Certificate ("N-600K applications") and the revocation of Muneera's United States passport.

Before the Court is Plaintiffs' motion for leave to amend (ECF No. 101) to file their proposed Fourth Amended Complaint (ECF No. 101-1). Also before the Court is Defendants'

---

[1] Alia and Ramzi were minors at the time this lawsuit was filed in 2020, and earlier filings in this matter refer to these Plaintiffs by their initials, A.M.Q.A. and R.M.Q.A. (See ECF No. 112).

1

motion to dismiss the Third Amended Complaint. (ECF No. 96). Both motions were referred to the undersigned for issuance of findings and recommendations. (ECF Nos. 104, 107). On September 27, 2024, the Court held a hearing on the motions. (ECF No. 110).

For the reasons set forth below, the Court recommends granting Plaintiffs' motion for leave to amend in part and denying Defendants' motion to dismiss as moot.

## I. BACKGROUND

### A. Plaintiffs' Initial Complaint

On October 30, 2020, Muneera, her four children – Alia, Ramzi, N.M.Q.A.(1), and N.M.Q.A.(2) – and Muneera's father, Nassar Ali Abdullah Mohamed ("Nassar"), filed this lawsuit for declaratory and injunctive relief against: United States Citizenship and Immigration Services ("USCIS"), USCIS Acting Director Kenneth Cuccinelli, USCIS Western District Director Monica Toro, USCIS Fresno Field Office, and Monica B. Lugo (collectively, "USCIS Defendants").[2] (ECF No. 1). At the time the initial complaint was filed, Nassar lived in Fresno, California, and Muneera lived in Yemen with her children, all of whom were minors at the time. (Id. at 6).

In their initial complaint, Plaintiffs alleged that Muneera derived her United States citizenship through her U.S. citizen father, Nassar, and obtained a U.S. passport in August 2017. (Id. at 2). In January 2018, Muneera filed N-600K applications on behalf of her four children seeking citizenship under Section 322 of the Immigration and Nationality Act ("INA") and 8 U.S.C. § 1433(a). (Id. at 3). Plaintiffs alleged that all four children were eligible for United States citizenship,[3] but their N-600K applications were wrongly denied on November 9, 2018. (Id. at 5, 9). Plaintiffs asserted that the denial of the N-600K applications violated the Administrative

---

[2] Plaintiffs Nassar, N.M.Q.A.(1) and N.M.Q.A.(2) are no longer parties in this lawsuit. (See ECF No. 112 (order dismissing Nassar, N.M.Q.A.(1) and N.M.Q.A.(2) based on their notice (ECF No. 111) stating that they do not oppose dismissal as they "no longer have active claims that warrant their continued involvement in this matter")).

[3] Plaintiffs specifically asserted that the children were eligible for citizenship under INA § 322 because:
(1) they were born outside the United States in Yemen; (2) they are under 18 years of age; (3) their mother is a US citizen; (4) their US citizen grandparent has been physically present in the United States of five years, at least five of which were after turning age 14; and (5) they are residing outside of the United States in the legal and physical custody of the U.S. citizen parent, their mother, Plaintiff Muneera.
(ECF No. 1 at 3 (internal citations omitted)).

2

Procedures Act ("APA") and their procedural due process rights under the Fifth Amendment. (Id. at 12–16).

Shortly after Plaintiffs commenced this lawsuit, USCIS administratively reopened the N-600K applications. (ECF No. 7). As a result, the USCIS Defendants requested an extension of time to respond to Plaintiffs' initial complaint, noting that further proceedings at the administrative level were expected. (Id.) The Court granted the request and extended the time for the USCIS Defendants to respond to the complaint to March 15, 2021. (ECF No. 8). The Court subsequently granted additional extensions because administrative proceedings remained ongoing. (ECF Nos. 11, 13, 19).

On June 30, 2021, the USCIS Defendants moved to dismiss Plaintiffs' initial complaint. (ECF Nos. 20, 21). On July 21, 2021, the Court granted the parties' joint motion to stay the case until USCIS issued final decisions on the reopened N-600K applications. (ECF No. 24). Approximately six months later, the parties filed a joint status report indicating that USCIS had issued final decisions denying the reopened N-600K applications on January 10, 2022, and that Plaintiffs intended to file an amended complaint in this lawsuit. (ECF No. 33 at 4). The report also noted that the USCIS Defendants did not oppose Plaintiffs' request for leave to amend. (Id.) Based on the parties' representations, the Court granted Plaintiffs leave to file a first amended complaint. (ECF No. 34).

**B. First and Second Amended Complaints**

Plaintiffs filed their First Amended Complaint on March 9, 2022. (ECF No. 40). In the First Amended Complaint, Plaintiffs added a sixth defendant, USCIS Fresno Field Office Director Lynn Feldman, in addition to the five USCIS Defendants previously named in the initial complaint. (ECF No. 40 at 6–7). Plaintiffs asserted violations of the APA as well as their equal protection and due process rights under the Fifth Amendment. (Id. at 16–53).

The day after the First Amended Complaint was filed, the United States Department of State ("the State Department") revoked Muneera's U.S. passport. (ECF No. 43). On June 6, 2022, Plaintiffs sought leave to file a second amended complaint, which the USCIS Defendants did not oppose. (ECF Nos. 51, 58). The Court granted Plaintiffs' motion for leave to amend (ECF No. 60), and on August 18, 2022, Plaintiffs filed their Second Amended Complaint (ECF No. 61).

3

In the Second Amended Complaint, Plaintiffs named the USCIS Defendants and the following as defendants: the State Department; Secretary of State Antony J. Blinken; National Passport Center Director Karen Pizza; Diplomatic Security Service Special Agent "John Doe"; and Does 1-15 (collectively, the "State Department Defendants"). (ECF No. 61). Plaintiffs raised twelve claims in the Second Amended Complaint stemming from the denial of the N-600K applications and the recent revocation of Muneera's passport. (Id.)

On October 21, 2022, Defendants moved to dismiss the Second Amended Complaint. (ECF No. 65). Due to three stipulated extensions of time (ECF Nos. 69, 71, 74), briefing was not yet complete on the motion to dismiss when Plaintiffs filed a motion for leave to amend. (ECF Nos. 75). In their motion, Plaintiffs asserted that amendment was necessary because the State Department had issued an amended revocation notice "adopt[ing] additional grounds [supporting] revocation of [Muneera's] passport" after the Second Amended Complaint was filed. (Id. at 2). Defendants did not oppose Plaintiffs' motion for leave to amend. (ECF No. 76 at 2). On March 24, 2023, the Court granted Plaintiffs leave to amend. (ECF No. 77).

On March 28, 2023, Plaintiffs filed their Third Amended Complaint. (ECF No. 78). The Court subsequently denied as moot Defendants' motion to dismiss as it no longer pertained to the operative pleading. (ECF No. 79). The Court noted that Defendants, in their response to Plaintiffs' motion for leave to amend, "appear[ed] to have acknowledged that [the Third] amended complaint would moot their prior motion [to dismiss]." (Id.)

**C. Third Amended Complaint**

In the Third Amended Complaint (ECF No. 78), Plaintiffs assert claims against the USCIS Defendants[4] and the State Department Defendants[5] for violations of the APA, their Fifth Amendment due process and equal protection rights, and 8 U.S.C. § 1503. (ECF No. 78 at 50–72).

Plaintiffs allege in the Third Amended Complaint that the State Department issued

---

[4] The USCIS Defendants are: USCIS; USCIS Director Ur Jaddou; USCIS Western District Director Monica Toro; USCIS Fresno Field Office; USCIS Fresno Field Office Director Lynn Q. Feldman; and immigration services officer Monica B. Lugo. (ECF No. 78 at 10–11).

[5] The State Department Defendants are: the State Department; Secretary of State Antony J. Blinken; National Passport Center Director Karen A. Pizza; Diplomatic Security Service Agent "John Doe"; and Does 1-15. (ECF No. 78 at 11).

4

Muneera a U.S. passport in August 2017 pursuant to INA § 309 "as a child born out of wedlock as a result of her father's polygamous marriages, legal in Yemen but not recognized by United States law." (ECF No. 78 at 14). Plaintiffs allege that this passport was issued after "a Consular Officer, a Section Chief, a supervising evaluator from Washington and a Washington secondary review" all determined—based on evidence Muneera submitted, DNA testing, and interviews with Muneera and Nassar—that Muneera was a United States citizen. (Id.)

The Third Amended Complaint then alleges the following timeline regarding the USCIS Defendants' adjudication of the N-600K applications Muneera filed on behalf of her children: (1) the applications were sent to the USCIS Fresno Field Office for processing; (2) USCIS requested additional evidence regarding Nassar's physical presence in the United States and Muneera's date of birth; (3) Plaintiffs responded to the requests for evidence; (4) USCIS denied all four N-600K applications on November 9, 2018; (5) Plaintiffs filed the instant lawsuit; (6) USCIS administratively reopened the N-600K applications and once again requested additional evidence; (7) Plaintiffs responded to the requests for evidence; (8) USCIS issued Notices of Intent to Deny ("NOIDs") the reopened N-600K applications; (9) Plaintiffs responded to the NOIDs; and (10) on January 10, 2022, USCIS denied the administratively reopened N-600K applications. (Id. at 13–21).

The Third Amended Complaint alleges that after the reopened N-600K applications were denied, the State Department revoked Muneera's U.S. passport on March 10, 2022, by sending a written notice to her attorney. (Id. at 21). Plaintiffs allege that this notice was improperly served and that Muneera's passport "was revoked without providing a hearing for review as required under" 8 U.S.C. § 1504. (Id. at 22). The Third Amended Complaint further alleges that on September 6, 2022, the State Department issued Muneera an amended notice of revocation which stated:

> Your passport application and supporting documents do not provide consistent information regarding your date of birth, the identity of your biological mother, or the dates of marriage and divorce/death of your father's wives. In addition, the physical presence statement provided by your father was not a detailed statement which documented his periods and places of his physical presence and residences in the United States with public records to support his claim.

(Id. at 22–23). Plaintiffs assert that the State Department improperly revoked Muneera's passport

as both revocation notices "suffer[] from many of the same infirmities and logical defects," that any supposed inconsistencies in Muneera's date of birth are "immaterial," and that Nassar "had more than adequate physical presence to transfer citizenship to both his daughter and his grandchildren." (Id. at 23–24).

Plaintiffs also assert in the Third Amended Complaint that Defendants have a "pattern and practice of stymying family unification of Yemeni-American[s] and preventing transmission of citizenship to children of Yemeni-American citizens." (Id. at 24–30). Plaintiffs contend Defendants have implemented policies and practices "targeting Yemeni-Americans and their family members," that they have used "biometric, DNA collection, and AI databases to discriminate" against Yemeni-American citizens and their families, and that they have adopted "discriminatory procedures and policies . . . that in effect [have] create[d] a substantially higher and different standard of proof for N-600K Petitioners of Yemeni race and/or national origin." (Id. at 30–46).

### D. Procedural History after filing of the Third Amended Complaint

On May 5, 2023, Defendants moved to dismiss the Third Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 84). While the motion to dismiss was still pending, Defendants filed an unopposed motion to stay the case because the parties were engaged in settlement discussions. (ECF No. 91). On February 29, 2024, the Court stayed the case. (ECF No. 92).

On June 28, 2024, the parties filed a joint status report stating that they were unable to reach a settlement. (ECF No. 95). The parties apprised the Court of the current status of the administrative proceedings, specifically that: (1) USCIS had *sua sponte* reopened and approved N.M.Q.A(1) and N.M.Q.A.(2)'s N-600K applications; (2) USCIS also approved Muneera's own N-600K application; (3) certificates of citizenship were issued to Muneera, N.M.Q.A(1), and N.M.Q.A.(2) on January 17, 2024; and (4) the State Department issued Muneera a new U.S. passport on January 18, 2024. (Id.) The parties reported that USCIS did not reopen Alia and Ramzi's N-600K applications. (Id. at 2). Considering these factual developments, the parties agreed that Defendants' pending motion to dismiss the Third Amended Complaint was moot. (Id. at 4). The parties noted that Plaintiffs intended to move for leave to file a fourth amended

complaint and that Defendants intended to file another motion to dismiss solely under Rule 12(b)(1). (Id. at 4–5). Upon review of the joint status report, the Court lifted the stay and denied Defendants' pending motion to dismiss (ECF No. 84) as moot. (ECF Nos. 97, 100).

**E.  Pending Motions**

On June 28, 2024, Defendants moved to dismiss the Third Amended Complaint under Rule 12(b)(1), arguing that Plaintiffs' claims are subject to dismissal because they are either moot or lack redressability. (ECF No. 96).

Rather than file a response to the motion to dismiss, Plaintiffs filed a motion for leave to amend (ECF No. 101) along with a proposed Fourth Amended Complaint (ECF No. 101-1). In their motion, Plaintiffs seek leave to amend to address the recent developments at the administrative level. Specifically, Plaintiffs seek leave to:

> remove several causes of action which have been rendered moot by the actions of Defendants, to add additional facts surrounding the decision on [Alia and Ramzi's] N-600Ks and subsequently filed Forms I-131 and their denial, and [] their effects on the remaining causes of action; to adjust the APA causes of action to address the Court's equitable estoppel authority; to drop two Plaintiffs [N.M.Q.A.(1) and N.M.Q.A.(2)] whose relief has been accorded in full; and to adjust the relief sought in accordance with the current status of proceedings.

(ECF No. 101 at 2). Defendants filed a response in opposition to Plaintiffs' motion for leave to amend, arguing that granting Plaintiffs leave to amend would be futile and cause undue delay and prejudice to Defendants. (ECF No. 103 at 3–5). Plaintiffs filed a reply. (ECF No. 106).

On September 27, 2024, the Court held a hearing on Plaintiffs' motion for leave to amend and Defendants' motion to dismiss. Upon consideration of the briefing and the parties' arguments during the hearing, the Court issues the following findings and recommendations.

**II.    MOTION TO AMEND**

The Court begins by addressing Plaintiffs' motion for leave to amend to file their proposed Fourth Amended Complaint.

**A.  Applicable Legal Standard**

Federal Rule of Civil Procedure 15(a) permits a plaintiff to amend the complaint once as a matter of course; further amendment requires the defendant's consent or leave of court, but "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see Foman v. Davis, 371 U.S. 178, 182 (1962). "Although leave to amend should be given freely, denying leave

is not an abuse of discretion if it is clear that granting leave to amend would have been futile." Lathus v. City of Huntington Beach, 56 F.4th 1238, 1243 (9th Cir. 2023) (internal citation and quotation marks omitted); see also Wheeler v. City of Santa Clara, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal."). In addition, "a district court has discretion to deny leave to amend when there are countervailing considerations such as undue delay, prejudice, [or] bad faith." Ctr. for Biological Diversity v. United States Forest Serv., 80 F.4th 943, 956 (9th Cir. 2023) (internal citation and quotation marks omitted).

### B. Proposed Fourth Amended Complaint

In their motion, Plaintiffs seek leave to amend to address the recent developments at the administrative level. Specifically, Plaintiffs seek leave to omit several causes of action that they assert no longer apply in this case, to "adjust[] the requested relief as to several causes of action pertaining to [Alia and Ramzi]," and to remove N.M.Q.A.(1) and N.M.Q.A.(2) as parties because "their cases have been resolved." (ECF No. 106 at 4). Plaintiffs argue that their proposed amendments are not futile or made in bad faith and will not cause undue delay or prejudice to Defendants. (ECF No. 101 at 6–8).

With their motion to amend, Plaintiffs lodged a proposed Fourth Amended Complaint (ECF No. 101-1). In the proposed Fourth Amended Complaint, Plaintiffs[6] name the same two sets of Defendants – the USCIS Defendants and the State Department Defendants – that were named in the Third Amended Complaint. (Id. at 8–10).

In addition to reasserting the facts previously alleged in the Third Amended Complaint, the proposed Fourth Amended Complaint includes the recent events at the administrative level—i.e., the recent approval of N.M.Q.A.(1) and N.M.Q.A.(2)'s N-600K applications, the approval of Muneera's own N-600K application, the issuance of certificates of citizenship to Muneera, N.M.Q.A.(1) and N.M.Q.A(2), and the issuance of a new U.S. passport to Muneera. (Id. at 12–25). As to Alia and Ramzi's N-600K applications, Plaintiffs allege in the proposed Fourth

---

[6] Although the caption of the proposed Fourth Amended Complaint includes N.M.Q.A.(1) and N.M.Q.A.(2) as plaintiffs, the body of the proposed complaint identifies only Muneera, Alia, Ramzi, and Nassar as plaintiffs. See ECF No. 101-1 at 1–2, 8. As previously noted, Nassar, N.M.Q.A.(1), and N.M.Q.A.(2) are no longer parties in this lawsuit. See supra n.2.

Amended Complaint that Defendants refused to reopen Alia and Ramzi's N-600K applications on the basis that Alia and Ramzi have "aged out" and are no longer statutorily eligible for relief, which Plaintiffs assert is the result of Defendants' "delays, revocations, and other bad faith actions." (Id. at 24). Plaintiffs assert that Defendants "intentionally timed out the denial of [Alia and Ramzi's] N-600K applications in order to deprive" them of their citizenship. (Id. at 25–26). Plaintiffs further allege that "Defendants' actions amount to affirmative misconduct to delay the applications . . . until [Alia and Ramzi] aged out." (Id. at 40).

Plaintiffs further allege that Muneera filed Form I-130 Petitions for Alien Relative ("I-130 petitions") on behalf of Alia and Ramzi on June 9, 2023. (Id. at 24). After the I-130 petitions were approved, Alia and Ramzi filed I-131 Applications for Humanitarian Parole "to come to the United States while their [I-130 petitions] are processing, so they would not be separated from their family." (Id. at 25). Plaintiffs allege that counsel for Defendants notified them on May 3, 2024 that the humanitarian parole applications "were denied but did not explain the basis for the denial[,] [o]nly that the parole requirements had not been met." (Id.)

Finally, Plaintiffs allege in the proposed Fourth Amended Complaint that Defendants have a "pattern and practice of stymying family unification of Yemeni-Americans and preventing transmission of citizenship to children of Yemeni-American citizens." (Id. at 26–33). Plaintiffs assert Defendants have implemented policies and practices "targeting Yemeni-Americans and their family members," which "in effect [have] create[d] a substantially higher and different standard of proof for N-600K Petitioners of Yemeni race and/or national origin." (Id. at 33, 37).

Plaintiffs raise seven claims in the proposed Fourth Amended Complaint. Plaintiffs assert in Count 1 that Defendants' revocation of Muneera's previous U.S. passport violated the APA and their Fifth Amendment due process rights. (Id. at 41–42). In Counts 2 and 3, Plaintiffs assert that the USCIS Defendants' adjudication of Alia and Ramzi's N-600K applications violated the APA. (Id. at 43–44). Notably, in Count 2, Plaintiffs ask the Court to apply equitable estoppel to "reopen and retroactively grant" Alia and Ramzi's N-600K applications. (Id. at 44). In Counts 4 and 5, Plaintiffs raise Fifth Amendment procedural due process and equal protection claims against all Defendants. (Id. at 47–55). In Count 6, Plaintiffs assert an APA claim arising from the denial of Alia and Ramzi's humanitarian parole applications. (Id. at 56–58). And in Count 7,

Plaintiff assert a claim under the Declaratory Judgment Act. (Id. at 59).

**C. Analysis**

    **1. Timeliness of Amendment**

As an initial matter, the Court addresses Defendants' contention that Plaintiffs should be denied leave to amend because "this case has been pending since October 2020 without having ever advanced past the pleading stage." (ECF No. 103 at 5). In response, Plaintiffs argue that they have not unduly delayed seeking leave to amend as their proposed amendments address recent developments at the administrative level that took place after the Third Amended Complaint was filed. (ECF No. 101 at 6–7).

The Court does not find Defendants' argument persuasive regarding the timeliness of the amendment. During the pendency of this lawsuit, the parties have repeatedly requested extensions of time or stays to permit the parties to resolve this matter through the administrative process. While the extensions and stays have resulted in the case remaining pending for a lengthy period, Defendants do not allege, nor does the Court find, that there has been any unreasonable delay or lack of diligence on the part of Plaintiffs in prosecuting this action.

Moreover, the recent developments in the administrative process have necessitated the need for an amendment. The re-issuance of a U.S. passport to Muneera, the approval of N.M.Q.A.(1) and N.M.Q.A(2)'s N-600K applications, and the refusal to reopen Alia and Ramzi's N-600K applications are all significant factual developments that have occurred since the Third Amended Complaint was filed. The proposed Fourth Amended Complaint alleges these additional facts and more importantly, omits those causes of action that are now moot as a result of the recent developments at the agency level.

The Court also finds that an amendment at this juncture will not unduly prejudice Defendants as this case is still in its procedural infancy, seeing that the Court has not yet issued a scheduling order and discovery has not commenced. Thus, Defendants have failed to show any undue delay that would warrant denying Plaintiffs leave to amend.

    **2. Futility**

The Court likewise is not persuaded by Defendants' contention that amendment would be futile because Plaintiffs' claims in the proposed Fourth Amended Complaint are now either moot

or not redressable, for the reasons set forth more fully below.

> *a. Plaintiff's Claims Stemming from the Denial of Alia and Ramzi's N-600K Applications*

Turning first to Plaintiffs' claims regarding Alia and Ramzi, the proposed Fourth Amended Complaint contains several causes of action stemming from the denial of Alia and Ramzi's N-600K applications. Defendants argue that these claims are not redressable because applicants seeking derivative citizenship under INA § 322 must be under the age of eighteen, and since Alia and Ramzi have aged out, the Court cannot equitably grant them relief in contravention of the statutory age requirement. (ECF No. 96 at 8–9; ECF No. 103 at 3).

In support of this argument, Defendants cite to an unpublished case from the Second Circuit, Keane v. Dibbins, 2023 WL 6785370 (2d Cir. Oct. 13, 2023). In Keane, the plaintiffs – who like Alia and Ramzi had aged out – argued they were entitled to mandamus relief and equitable estoppel because they were under the age of eighteen at the time they applied for derivative citizenship through the N-600 process. The Second Circuit determined that the plaintiffs failed to meet "the highly demanding mandamus standard" because the statutory scheme "is ambiguous as to whether the age requirement must be met only at the time the application is submitted or also up through to the time that application is adjudicated." Id. at *3. The Second Circuit also held that plaintiffs were not entitled to equitable relief because "courts cannot grant citizenship through their equitable powers" in violation of statutory limitations. Id. at *4 (quoting INS v. Hizam v. Kerry, 747 F.3d 102, 110 (2d Cir. 2014)).

In response, relying on Harriot v. Ashcroft, 277 F. Supp. 2d 538 (E.D. Pa. 2003), and Petition of Tubig on Behalf of Tubig, 559 F. Supp. 2 (N.D. Cal. 1981), Plaintiffs argue that courts have the "equitable authority to grant citizenship where an application was timely filed before aging out, [but] where the government engaged in 'affirmative misconduct' in order to age out the applicant." (ECF No. 106 at 3). In Tubig, the district court found that immigration officials were estopped from denying the petitioner's application for naturalization of his son because the petitioner's "failure to complete the application process before his son reached the cut-off age of eighteen was due to the INS' failure to follow its own regular procedures." 559 F. Supp. at 3. The district court explained: "The INS is entitled—indeed, is required—to enforce the statutory

requirements under which it operates. It may not, however, by reason of its own unjustified delay or error, cause an alien to run afoul of regulations upon which the INS then relies in denying the alien the status to which he is entitled." Id. at 4. In reaching this conclusion, Tubig relied on Villena v. INS, 622 F.3d 1352 (9th Cir. 1980), in which the Ninth Circuit held that "the rule of estoppel may be invoked against the government in immigration cases where there is affirmative misconduct." Id. at 1360; see also Rahman v. Holder, 434 F. App'x 651 (9th Cir. 2011) ("The government in immigration cases may be subject to equitable estoppel if it has engaged in affirmative misconduct.").

During the hearing, Defendants appeared to concede that courts may grant the requested equitable relief in certain circumstances. However, Defendants argued that the facts will show that there was not any unreasonable delay or affirmative misconduct on the part of Defendants. See Jaa v. U.S. I.N.S., 779 F.2d 569, 572 (9th Cir. 1986) (for equitable estoppel to apply, the "affirmative misconduct must be more than negligence[;] [m]ere unexplained delay does not show misconduct.") (internal citations omitted)). Defendants asserted in their papers and during the hearing that the adjudicative timeline establishes that there were no unreasonable or unexplained delays in their processing of Alia and Ramzi's N-600K applications.

Plaintiffs disagree, pointing to allegations in their proposed Fourth Amended Complaint that USCIS improperly denied the N-600K applications initially, that the State Department revoked Muneera's passport without any legitimate basis to do so and then intentionally delayed the reissuance of her passport until after Alia and Ramzi aged out, and that USCIS intentionally waited until Alia and Ramzi aged out before it approved N.M.Q.A.(1) and N.M.Q.A.(2)'s N-600K applications. (See ECF No. 101-1 at 15–16, 21–26, 40–44).

Construing Plaintiffs' factual allegations in the proposed Fourth Amended Complaint as true, as the Court must do at this stage, Plaintiffs have sufficiently alleged that they are entitled to equitable estoppel because Defendants have engaged in affirmative misconduct. Thus, while Defendants may argue that the evidence will not support Plaintiffs' allegations, such argument is not a basis to deny leave for Plaintiffs to file their Fourth Amended Complaint.

Additionally, Defendants have not challenged Plaintiffs' cause of action for denial of equal protection related to the initial denial of Alia and Ramzi's N-600K applications. While the

Court appreciates the legal hurdles to Plaintiffs' claims stemming from the denial of Alia and Ramzi's N-600K applications, it cannot find based on this record that these claims are futile.

The Court therefore recommends granting the motion to amend with respect to these claims.

> b. *Plaintiff's Claim in Count 1 regarding the Revocation of Muneera's U.S. Passport*

Defendants next assert that Plaintiffs' due process claim in Count 1 concerning the previous revocation of Muneera's U.S. passport is moot because Muneera has been reissued a passport.

In response, Plaintiffs argue "there is an exception to the mootness doctrine for situations that are "capable of repetition yet evading review." United States v. Brandau, 578 F.3d 1064, 1067 (9th Cir. 2009) (quoting Gerstein v. Pugh, 420 U.S. 103, 111 n. 11 (1975)). For the controversies "capable of repetition, yet evading review" exception to the mootness doctrine to apply, a plaintiff must show: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration," and (2) "there is a reasonable expectation that the same complaining party will be subject to the same action again." Kingdomware Techs., Inc. v. United States, 579 U.S. 162, 170 (2016) (internal citations omitted).

Plaintiffs contend that the above exception to the mootness doctrine applies here because the State Department unreasonably revoked Muneera's passport and later reversed its decision based on the same information that Muneera had initially submitted when she applied for the passport. Absent Court order, Plaintiffs argue that Muneera could be subject to the same action again by Defendants. And the proposed Fourth Amended Complaint asserts the existence of policies and practices implemented by Defendants to denaturalize and revoke the passports of Yemeni-American citizens.

While Defendants argued in the hearing that the claim is moot because the government has determined Muneera is entitled to a U.S. passport, Defendants fell short of formally agreeing that Muneera is entitled to a court order declaring the same.

Thus, Plaintiffs' due process claim in Count 1 is not clearly moot. Because the issuance of a Court order would redress the issue raised in this claim, the Court recommends granting

13

Plaintiffs leave to amend this claim.

### c. *Plaintiffs' Claim Regarding Alia and Ramzi's Humanitarian Parole Applications (Count 6)*

Finally, the proposed Fourth Amended Complaint asserts a cause of action under the APA stemming from the denial of Alia and Ramzi's humanitarian parole applications.[7] Specifically, Plaintiffs allege in Count 6 that "Defendants' denial of [Alia and Ramzi's] request for parole under 212(d)(5) violates the APA as arbitrary, capricious, and [constitutes] an abuse of discretion." (ECF No. 101-1 at 58). Defendants argue that it would be futile to grant Plaintiffs leave to add this cause of action because "the denial of a parole application is a discretionary agency decision over which this Court lacks subject matter jurisdiction." (ECF No. 103 at 4). Plaintiffs did not respond to this argument in their reply brief. (ECF No. 106 at 4).

The Court agrees with Defendants that it would be futile for Plaintiffs to add a cause of action concerning the agency's decision to deny Alia and Ramzi's parole applications. As Defendants pointed out in their briefing and the hearing, courts may not review discretionary agency decisions. See 8 U.S.C. § 1252(a)(2)(B)(ii) (judicial review is precluded over decisions "under this subchapter" that are vested "in the discretion of the Attorney General or the Secretary of Homeland Security[.]"); see also 5 U.S.C. § 701(a)(2) (judicial review is precluded under the APA where "agency action is committed to agency discretion by law"). The decision to grant or deny a parole application is a discretionary decision. See 8 U.S.C. § 1182(d)(5)(A) ("The Attorney General may . . . in his *discretion* parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis . . . .") (emphasis added). Because parole decisions are not subject to judicial review, it would be futile to allow Plaintiffs to assert a claim challenging the discretionary decision to deny humanitarian parole to Alia and Ramzi. See Vazquez Romero v. Garland, 999 F.3d 656, 665 (9th Cir. 2021) ("[T]he jurisdiction-stripping provision of § 1252(a)(2)(B)(ii) applies to discretionary parole decisions under § 1182(d)(5).").

Indeed, the Supreme Court very recently confirmed the legal principle that discretionary agency decisions are not subject to judicial review. See Bouarfa v. Mayorkas, No. 23-583, 2024

---

[7] The parties disagree as to whether USCIS has in fact denied Alia and Ramzi's parole applications or if they remain pending.

14

WL 5048700, at *7 (U.S. Dec. 10, 2024) ("§ 1252(a)(2)(B)(ii) bars judicial review of decisions 'made discretionary by legislation.'").

Thus, the Court recommends denying Plaintiffs leave to add a cause of action in their Fourth Amended Complaint concerning the denial of Alia and Ramzi's parole applications.

### D. Recommendation

Accordingly, based on the foregoing, the Court recommends granting Plaintiffs' motion for leave to file a Fourth Amended Complaint and permitting Muneera, Alia, and Ramzi to proceed on the following claims:

- Fifth Amendment Due Process claim against all Defendants (Count 1);
- violation of APA, 5 U.S.C. § 706(1), against USCIS Defendants (Count 2);
- violation of APA, 5 U.S.C. § 706(2), against USCIS Defendants (Count 3);
- Fifth Amendment Procedural Due Process claim against all Defendants (Count 4);
- Fifth Amendment Equal Protection claim against all Defendants (Count 5); and
- Declaratory Judgment Act against all Defendants (Count 7).

## III. MOTION TO DISMISS

Defendants' motion to dismiss seeks dismissal of Plaintiffs' Third Amended Complaint on grounds of mootness and redressability. (ECF No. 96). Defendants specifically argue that Muneera's claims are now moot because she has been issued a certificate of citizenship and U.S. passport. Defendants also argue that Plaintiffs' claims stemming from the denial of Alia and Ramzi's N-600K applications are not redressable because they have "aged out" and are no longer statutorily eligible for relief through the N-600K process.[8]

As discussed above, rather than file an opposition to Defendants' motion to dismiss, Plaintiffs filed their motion for leave to file a Fourth Amended Complaint.

Defendants ask the Court to treat their motion to dismiss as unopposed because Plaintiffs elected to file a motion for leave to amend rather than a response in opposition to the motion to dismiss. The Court declines to do so. As can be seen by the analysis above, the parties' arguments in connection with the motion for leave to amend address the same substantive arguments

---

[8] Defendants also raise mootness arguments with respect to N.M.Q.A.(1) and N.M.Q.A.(2), which the Court does not consider because N.M.Q.A.(1) and N.M.Q.A.(2) are no longer parties in this lawsuit.

regarding mootness and redressability that are raised in the motion to dismiss. Additionally, Defendants do not dispute that their motion to dismiss will be rendered moot if the proposed Fourth Amended Complaint is allowed to proceed. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot[.]").

Accordingly, the Court recommends denying Defendants' motion to dismiss Plaintiff's Third Amended Complaint as moot.

**IV.     CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is hereby RECOMMENDED that:

1. Plaintiffs' motion for leave to file a Fourth Amended Complaint (ECF No. 101) be GRANTED in part as follows:

    a. The Clerk of Court be directed to file the Fourth Amended Complaint (ECF No. 101-1);

    b. Plaintiffs be permitted to proceed on the following claims in the Fourth Amended Complaint: Fifth Amendment Due Process claim against all Defendants (Count 1); violation of APA, 5 U.S.C. § 706(1), against USCIS Defendants (Count 2); violation of APA, 5 U.S.C. § 706(2), against USCIS Defendants (Count 3); Fifth Amendment Procedural Due Process claim against all Defendants (Count 4); Fifth Amendment Equal Protection claim against all Defendants (Count 5); and Declaratory Judgment Act against all Defendants (Count 7);

    c. All other claims in the Fourth Amended Complaint be dismissed.

2. Defendants' motion to dismiss Plaintiff's Third Amended Complaint (ECF No. 96) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate

16

Judge's Findings and Recommendations." The objections shall not exceed more than fifteen (15) pages, including exhibits. Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 27, 2024**             /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE

17