UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIA MAGEB QASEM AL-ATRI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MONICA B. LUGO, et al., <br><br> Defendants. | Case No. 1:20-cv-01556 JLT EPG <br><br> ORDER (1) ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS; (2) GRANTING IN PART DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND; AND (3) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS <br><br> (Docs. 96, 101, 113) |

Muneera Nasr Ali Abdullah ("Muneera"), Alia Mageb Qasem Al-Atri ("Alia"), and Ramzi Mageb Qasem Al-Atri ("Ramzi")[1] assert federal statutory and constitutional claims arising from the denial of Alia and Ramzi's N-600K Applications for Citizenship and Issuance of Certificate ("N-600K applications") and the revocation of Muneera's United States passport. On December 27, 2024, the assigned magistrate judge issued Findings and Recommendations to grant in part and deny in part Plaintiffs' motion for leave to file a Fourth Amended Complaint (4AC) (Doc. 101) and to deny as moot Defendants' motion to dismiss Plaintiffs' Third Amended Complaint (Doc. 96). (Doc. 113.) The magistrate judge recommended Plaintiffs be permitted to proceed on the following claims in the proposed Fourth Amended Complaint: Fifth Amendment Due Process claim against all Defendants (Count 1); violation of APA, 5 U.S.C. § 706(1), against USCIS Defendants (Count 2); violation of APA, 5 U.S.C. § 706(2), against USCIS Defendants

---

[1] Alia and Ramzi were minors at the time this lawsuit was filed in 2020, and earlier filings in this matter refer to these Plaintiffs by their initials, A.M.Q.A. and R.M.Q.A. (*See* Doc. 112.)

1

1  (Count 3); Fifth Amendment Procedural Due Process claim against all Defendants (Count 4);
2  Fifth Amendment Equal Protection claim against all Defendants (Count 5); and Declaratory
3  Judgment Act against all Defendants (Count 7). (*Id.* at 16.) The magistrate judge also
4  recommended that all other claims in the Fourth Amended Complaint be dismissed. (*Id.*)

5      The Court served the Findings and Recommendations on the parties and notified them that
6  any objections were due within 30 days. (*Id.*) Defendants filed objections on January 24, 2025.
7  (Doc. 116.) Plaintiffs replied to the objections on February 7, 2025. (Doc. 118.) According to 28
8  U.S.C. § 636(b)(1), this Court performed a *de novo* review of the action.

9      The objections paint in very broad strokes, arguing first that Plaintiffs' amended claims
10  challenging USCIS's refusal to re-open Alia and Ramzi's N-600k applications are futile because
11  "those claims lack redressability." (Doc. 116 at 3–7.) More specifically, Defendants maintain that
12  it is impossible for this Court to exercise "equitable powers to circumvent the statutory
13  requirements for derivative citizenship" because Alia and Ramzi have now "aged out" and are no
14  longer statutorily eligible for citizenship. (*Id*. at 3.) Though Defendants are correct that *I.N.S. v.*
15  *Pangilian*, 486 U.S. 875 (1988), "precludes the judiciary from exercising its statutory powers of
16  naturalization to redress statutory violations except in strict conformity with Congress'
17  authorizing legislation[, *Pangilian*] does not speak to the courts' capacity to utilize traditional
18  constitutional remedies to rectify constitutional violations." *Wauchope v. U.S. Dep't of State*, 985
19  F.2d 1407, 1418 (9th Cir. 1993). For example, relief may still be available if a plaintiff can show
20  "that the INS's mishandling of applications resulted in a violation of his constitutional right to
21  due process." Because redress is **possible**, the Court is not persuaded that the proposed claims
22  related to the N-600k applications are futile. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646,
23  655–56 (9th Cir. 2017) ("An amendment is futile when **no set of facts** can be proved under the
24  amendment to the pleadings that would constitute a valid and sufficient claim or defense."
25  (internal quotation marks and citation omitted) (emphasis added)).

26      Second, Defendants object that the equal protection cause of action is futile on two
27  grounds. First, they point out that a policy referenced in the complaint—the so called "Yemeni
28  adjudication scheme"—has been rescinded. (Doc. 116 at 8.) Plaintiffs do not dispute this but

1  point out the proposed Fourth Amended Complaint alleges that Defendants continue to engage in
2  practices that derive from that scheme/policy. (*See* Doc. 118 at 5.) Defendants argue also that the
3  equal protection claim is futile because it is "plainly conclusory and thus fails to state a claim."
4  (Doc. 116 at 8 (citing *Abdo v. U.S. Citizen and Immigration Servs*., No. 23-11231, 2024 WL
5  3339267, at *5 (E.D. Mich. May 30, 2024) (Plaintiffs' allegations "do not state a plausible equal
6  protection claim to withstand defendants' motion to dismiss. . . . [T]he complaint alleges many
7  discriminatory procedures applied to Yemeni petitioners generally, without describing how these
8  procedures applied to the decision in this case. Such 'threadbare recitals of the elements of a
9  cause of action, supported by mere conclusory statements, do not suffice' to state a viable claim
10 under Rule 12(b)(6).").) But the cited case specifically notes that though the *Abdo* plaintiffs
11 suggested discriminatory policies delayed adjudication of their petitions, they failed to allege
12 "how that delay injured them." 2024 WL 3339267, at *6, n. 5. Here, the Plaintiffs do allege how
13 delays purportedly caused by Defendants' misconduct injured them. (*Id*., ¶¶ 9, 100, 163.) Thus,
14 the equal protection claim is not futile.

15 Finally, the objections address Plaintiffs' proposed amended challenge to Defendants'
16 prior decision to revoke Muneera's passport. (Doc. 116 at 9.) Because Muneera's U.S. passport
17 has been re-issued, Defendants maintain that any such claim is now moot. (*Id*.) The Plaintiffs
18 addressed this argument by arguing that the "capable of repetition yet evading review" exception
19 to mootness applies as follows:

> [T]he initial lawsuit in this action was filed on October 30, 2020, and in retaliation the Defendants improperly revoked Plaintiff Muneera's passport and tried to strand a United States citizen overseas. It was the illegal actions of the Defendants which has necessitated each amendment of the Complaint at every step of the process. There is nothing about the actions of the Defendants in issuing a passport now which moots or negates their bad faith conduct during the entirety of this process. . . . The Defendants have demonstrated that their tactics are ongoing, and without regard to whether there is a lawsuit pending, and therefore, it is appropriate for all Constitutional violations claims to be addressed to prevent further malfeasance by the Defendants, necessitating the continued inclusion of their actions against Plaintiff Muneera in the Fourth Amended Complaint.

27 (Doc. 106 at 2.) The allegations contained in the proposed Fourth Amended Complaint plausibly
28 support these assertions. Thus, on this record and in the context of the pending motion to amend,

the Court cannot conclude that Plaintiffs' claim related to Muneera's passport is futile.

For all these reasons, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis. This, of course, is without prejudice to a motion to dismiss that further develops, refines, and targets grounds for dismissal. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on December 27, 2024 (Doc. 113) are **ADOPTED** in full.

2. Plaintiffs' motion for leave to amend (Doc. 101) is **GRANTED in part and DENIED in part** as follows:

   a. The Clerk of Court is directed to file the Fourth Amended Complaint (Doc. 101-1) on the docket.

   b. Plaintiffs are permitted to proceed on the following claims in the Fourth Amended Complaint: Fifth Amendment Due Process claim against all Defendants (Count 1); violation of APA, 5 U.S.C. § 706(1), against USCIS Defendants (Count 2); violation of APA, 5 U.S.C. § 706(2), against USCIS Defendants (Count 3); Fifth Amendment Procedural Due Process claim against all Defendants (Count 4); Fifth Amendment Equal Protection claim against all Defendants (Count 5); and Declaratory Judgment Act against all Defendants (Count 7).

   c. All other claims in the Fourth Amended Complaint are dismissed.

3. Defendants' motion to dismiss Plaintiff's Third Amended Complaint (Doc. 96) is **DENIED** as moot

IT IS SO ORDERED.

Dated:   **September 23, 2025**

UNITED STATES DISTRICT JUDGE

4