UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIA MAGEB QASEM AL-ATRI, et al., | Case No.  1:20-cv-01556-JLT-EPG |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT BE GRANTED IN PART AND DENIED IN PART |
| v. | |
| MONICA B. LUGO, et al., | |
| Defendant. | (ECF No. 131) |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

In this lawsuit, filed on October 30, 2020, Plaintiffs Muneera Nasr Ali Abdullah ("Muneera"), Alia Mageb Qasem Al-Atri ("Alia"), and Ramzi Mageb Qasem Al-Atri ("Ramzi")[1] assert federal statutory and constitutional claims arising from the denial of Alia and Ramzi's N-600K Applications for Citizenship and Issuance of Certificate ("N-600K applications") and the revocation of Muneera's United States passport.

Before the Court is Defendants' motion to dismiss Plaintiffs' Fourth Amended Complaint. (ECF No. 131). This motion was referred to the undersigned for the issuance of findings and recommendations. (ECF No. 132).

Notably, Plaintiffs previously sought leave to file the Fourth Amended Complaint.  (ECF

---

[1] Alia and Ramzi were minors at the time this lawsuit was filed in 2020, and earlier filings in this matter refer to these Plaintiffs by their initials, A.M.Q.A. and R.M.Q.A. (See ECF No. 112).

1

No. 101).  After substantial briefing and a hearing on the motion, this Court issued Findings and Recommendations to grant the motion in part and permit Plaintiffs to proceed on the following claims in the Fourth Amended Complaint: Fifth Amendment Due Process claim against all Defendants (Count 1); violation of APA, 5 U.S.C. § 706(1), against USCIS Defendants (Count 2); violation of APA, 5 U.S.C. § 706(2), against USCIS Defendants (Count 3); Fifth Amendment Procedural Due Process claim against all Defendants (Count 4); Fifth Amendment Equal Protection claim against all Defendants (Count 5); and Declaratory Judgment Act against all Defendants (Count 7).  (ECF No. 113 at p. 16).  Defendants filed objections to the Findings and Recommendations.  (ECF No. 116).  On September 23, 2025, the District Judge adopted the Findings and Recommendations in full and directed Plaintiffs to file the Fourth Amended Complaint on the docket.  (ECF No. 120, at p. 4).

Despite leave being granted, and after receiving multiple extensions of time to respond to the Fourth Amended Complaint, on February 13, 2026, Defendants filed the current motion to dismiss Plaintiff's Fourth Amended Complaint.  (ECF No. 131).

For the following reasons, the Court recommends granting in part and denying in part Defendants' motion to dismiss (ECF No. 131).  Specifically, the Court recommends dismissing Plaintiff's Count Seven asserting a violation of the Declaratory Judgment Act.  In all other respects, the Court recommends denying Defendants' motion.

## I.    BACKGROUND

Rather than repeat the procedural history here, the Court refers to its Findings and Recommendations regarding Plaintiffs' Motion for Leave to File a Fourth Amended Complaint, (ECF No. 113), in which the Court summarized the history of Plaintiffs' immigration proceedings and this lawsuit at length.  (ECF No. 113, at p. 2-7).

Those Findings and Recommendations also summarize Plaintiffs' Fourth Amended Complaint as follows:

> In the proposed Fourth Amended Complaint, Plaintiffs[2] name the same two sets of
> Defendants – the USCIS Defendants and the State Department Defendants – that

---

[2] Although the caption of the proposed Fourth Amended Complaint includes N.M.Q.A.(1) and N.M.Q.A.(2) as plaintiffs, the body of the proposed complaint identifies only Muneera, Alia, Ramzi, and Nassar as plaintiffs. See ECF No. 101-1 at 1–2, 8. As previously noted, Nassar, N.M.Q.A.(1), and N.M.Q.A.(2) are no longer parties in this lawsuit. See supra n.2.

were named in the Third Amended Complaint. (Id. at 8–10).

In addition to reasserting the facts previously alleged in the Third Amended Complaint, the proposed Fourth Amended Complaint includes the recent events at the administrative level—i.e., the recent approval of N.M.Q.A.(1) and N.M.Q.A.(2)'s N-600K applications, the approval of Muneera's own N-600K application, the issuance of certificates of citizenship to Muneera, N.M.Q.A.(1) and N.M.Q.A(2), and the issuance of a new U.S. passport to Muneera. (Id. at 12–25). As to Alia and Ramzi's N-600K applications, Plaintiffs allege in the proposed Fourth Amended Complaint that Defendants refused to reopen Alia and Ramzi's N-600K applications on the basis that Alia and Ramzi have "aged out" and are no longer statutorily eligible for relief, which Plaintiffs assert is the result of Defendants' "delays, revocations, and other bad faith actions." (Id. at 24). Plaintiffs assert that Defendants "intentionally timed out the denial of [Alia and Ramzi's] N-600K applications in order to deprive" them of their citizenship. (Id. at 25–26). Plaintiffs further allege that "Defendants' actions amount to affirmative misconduct to delay the applications . . . until [Alia and Ramzi] aged out." (Id. at 40).

Plaintiffs further allege that Muneera filed Form I-130 Petitions for Alien Relative ("I-130 petitions") on behalf of Alia and Ramzi on June 9, 2023. (Id. at 24). After the I-130 petitions were approved, Alia and Ramzi filed I-131 Applications for Humanitarian Parole "to come to the United States while their [I-130 petitions] are processing, so they would not be separated from their family." (Id. at 25). Plaintiffs allege that counsel for Defendants notified them on May 3, 2024 that the humanitarian parole applications "were denied but did not explain the basis for the denial[,] [o]nly that the parole requirements had not been met." (Id.)

Finally, Plaintiffs allege in the proposed Fourth Amended Complaint that Defendants have a "pattern and practice of stymying family unification of Yemeni-Americans and preventing transmission of citizenship to children of Yemeni-American citizens." (Id. at 26–33). Plaintiffs assert Defendants have implemented policies and practices "targeting Yemeni-Americans and their family members," which "in effect [have] create[d] a substantially higher and different standard of proof for N-600K Petitioners of Yemeni race and/or national origin." (Id. at 33, 37).

Plaintiffs raise seven claims in the proposed Fourth Amended Complaint. Plaintiffs assert in Count 1 that Defendants' revocation of Muneera's previous U.S. passport violated the APA and their Fifth Amendment due process rights. (Id. at 41–42). In Counts 2 and 3, Plaintiffs assert that the USCIS Defendants' adjudication of Alia and Ramzi's N-600K applications violated the APA. (Id. at 43–44). Notably, in Count 2, Plaintiffs ask the Court to apply equitable estoppel to "reopen and retroactively grant" Alia and Ramzi's N-600K applications. (Id. at 44). In Counts 4 and 5, Plaintiffs raise Fifth Amendment procedural due process and equal protection claims against all Defendants. (Id. at 47–55). In Count 6, Plaintiffs assert an APA claim arising from the denial of Alia and Ramzi's humanitarian parole applications. (Id. at 56–58). And in Count 7, Plaintiff assert a claim under the Declaratory Judgment Act. (Id. at 59).

3

(ECF No. 131 at 8-10).

Plaintiff filed a motion to file the fourth amended complaint on July 24, 2024. (ECF No. 101). Defendant filed an opposition to Plaintiff's motion on July 30, 2024, to which Plaintiff filed a reply on August 9, 2024. (ECF Nos. 103, 106). The undersigned held a hearing on the filings on September 27, 2024, and issued extensive findings and recommendations, recommending that Plaintiff's Motion for Leave to Amend to File a Fourth Amended Complaint be Granted in part on December 27, 2024. (ECF Nos. 109, 113).

Defendants filed objections to the Court's Findings and Recommendation on January 24, 2025. (ECF No. 116).  On September 23, 2025, the assigned district judge adopted those Findings and Recommendations in full, granted Plaintiffs leave to file the fourth amended complaint and ordered that Plaintiff may proceed on the following claims in the Fourth Amended Complaint: Fifth Amendment Due Process claim against all Defendants (Count 1); violation of APA, 5 U.S.C. § 706(1), against USCIS Defendants (Count 2); violation of APA, 5 U.S.C. § 706(2), against USCIS Defendants (Count 3); Fifth Amendment Procedural Due Process claim against all Defendants (Count 4); Fifth Amendment Equal Protection claim against all Defendants (Count 5); and Declaratory Judgment Act against all Defendants (Count 7). (ECF No. 120 at 4) ("Plaintiff's motion for leave to amend, (Doc. 101) is GRANTED in part and DENIED in part").

On September 24, 2025, the Court set a scheduling conference for December 8, 2025. (ECF No. 123). On November 7, 2025, Defendants filed a motion to stay the case as a result of an ongoing Government shutdown at the time. (ECF No. 125). On November 21, 2025, the day Defendants' response to Plaintiff's Fourth Amended Complaint was due, the parties filed a stipulation for the first extension of time for Defendants to Respond to Fourth Amended Complaint. (ECF No. 127). The Court granted the stipulation and extended the deadline to respond to Plaintiffs' complaint to January 13, 2026. (ECF No. 128). On January 9, 2026, the parties filed a stipulation for a second extension of time for Defendants to Respond to Fourth Amended Complaint. (ECF No. 128). Again, the Court granted the stipulation and order Defendants respond to Plaintiffs' complaint no later than February 13, 2026. (ECF No. 130).

Rather than answer Plaintiff's Fourth Amended Complaint by that deadline, Defendants filed a motion to dismiss on February 13, 2026. (ECF No. 131).

On February 27, 2026, Plaintiffs filed an opposition, and on March 18, 2026, Defendants filed a reply. (ECF Nos. 133, 139).

## II.   DEFENDANTS' MOTION TO DISMISS

Defendants' motion to dismisses seeks dismissal of Plaintiff's Fourth Amended Complaint largely based on arguments already raised before this Court including mootness, redressability and failure to state a claim. (ECF No. 131).

Beginning with Count One, Defendants argue that Plaintiff Muneera's claims are now moot because she has been issued a certificate of citizenship and U.S. passport, as such there is no longer a case or controversy. Additionally, Defendants argue that the "capable of repetition, yet evading review" exception does not apply. Defendants also argue that Muneera was provided with all the process that was due and thus Count one fails to state a claim. Finally, Defendants argue that should none of those previous arguments apply, USCIS should be dismissed from count one. (*Id.* at 18-24).

Next Defendants argue that Counts Two and Three should be dismissed because Plaintiffs have failed to state a claim. Specifically, the denial of Alia and Ramzi's N-600K applications was not arbitrary, capricious, or contrary to law. (*Id.* at 24).

Defendants next argue that Count Four should be dismissed because USCIS provided adequate notice, and thus, adequate procedural process when it denied Alia and Ramzi's N-600K applications. (*Id.* at 27).

Defendants also argue that Plaintiffs fail to state a claim for violation of the Fifth Amendment's equal protection because the allegation that Defendants apply a different and heightened standard to Yemeni national seeking immigrant benefits, is conclusory. (*Id.* at 28-29).

Defendants also argue that Plaintiffs' claims stemming from the denial of Alia and Ramzi's N-600K applications are not redressable because they no longer meet the statutory age requirement and are no longer statutorily eligible for relief through the N-600K process. (*Id.* at 31).

Finally, Defendants argue that the Declaratory Judgment Act provides a remedy, not an independent cause of action, as such there is no cause of action for Plaintiff to pursue and this cause of action should be dismissed. (*Id.* at 32-33).

Plaintiffs filed an opposition on February 27, 2026. In the opposition, Plaintiffs argue

> The Defendants have repeated issued and reissued decisions seeking to avoid judicial review of the central question in the litigation of this lawsuit in a de novo review of Plaintiff's citizenship, through what is now FOUR amended complaints - Complaints which have been amended specifically to address the ongoing malfeasance and intentional misconduct of the Defendants. Now, the Defendants again, instead of correcting their actions and making this family whole, have filed another motion to dismiss.
>
> On the face of the pleadings, the Plaintiffs have sufficiently established the causes of action allowed to go forward by this Court following the Motion for Leave to Amend. There is no part of the lawsuit which has been mooted out by the actions of the Defendants. The Defendants' continuous actions throughout the course of litigation make clear that the voluntary cessation exception applies. The Ninth Circuit has held that claims for declaratory relief remain justiciable when the challenged governmental conduct is capable of repetition yet evades review. *See, i.e., Padilla v. Lever*, 463 F.3d 1046, 1050–52 (9th Cir. 2006). The Defendants have already revoked and reissued Plaintiff Muneera's passport multiple times, even during the course of this ongoing litigation. Absent a declaration of citizenship by this Court on de novo review, the Defendants will be free to once again revoke Plaintiff Muneera's passport on the same grounds, without recourse, necessitating further litigation.
>
> Similarly, the Plaintiffs have established that they have sufficiently pleaded the APA and due process claims relating to the Plaintiff Muneera's U.S. Passport and N-600 adjudication as well as the N-600K applications of her children, who have been significantly injured by the Defendants' malfeasance and delays, such that this Court can redress their injuries, brought about by the Constitutional violations of the Defendants. *See, i.e. Wauchope v. United States Dep't of State*, 985 F.2d 1407, 1418 (9th Cir. 1993)("[t]he Court's holding [in Pangilinan] precludes the judiciary from exercising its statutory powers of naturalization to redress statutory violations except in strict conformity with Congress' authorizing legislation. It does not speak to the courts' capacity to utilize traditional constitutional remedies to rectify constitutional violations.").

(*Id.* at 6-7).

Defendants filed a reply on March 18, 2026. (ECF No. 139).

## III.    LEGAL STANDARDS

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[T]he court must construe the complaint in the light most favorable to the plaintiff, taking all [of the plaintiff's] allegations as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Furthermore, Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002) (internal citation and quotation marks omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, a claim must be facially plausible, *i.e.*, the complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard is not akin to a "probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

IV.    ANALYSIS

a.    **Count One: Violation of Fifth Amendment Due Process against all Defendants**

As they did in opposing Plaintiffs' motion for leave to file the Fourth Amended Complaint, Defendants first argue that Count one should be dismissed because it is moot, or in the alternative, count one should be dismissed because it fails to state a claim. (ECF No. 131 at 18). Defendants argue that "Plaintiff [Muneera] Abdallah has received all available relief—a U.S. Passport from the State Department and a certificate of citizenship from USCIS—and thus, any claim related to the prior revocation of her passport is now moot." (ECF No. 131). Defendants also argue that Plaintiffs have failed to demonstrate that "the duration is too short to be litigated prior to cessation of the action." (ECF No. 131, at p. 20).

As they did before, Plaintiffs argue that the claim is not moot because the conduct is capable of repetition yet evades review. (ECF No. 133, at p. 17). Plaintiffs also argue that

Defendants "do not address the erroneous denial of Plaintiff Alia and Ramzi's N-600Ks, which is also a part of Count One." (ECF No. 133, at p. 17).

In reply, Defendants argue again that "Plaintiffs have been granted all the available relief," (ECF No. 139, at p. 1), and "Plaintiffs cannot plausibly allege the denial of the N-600k application for Muneera's children was the result of the passport revocation." (ECF No. 139, at p. 2).

The Court addressed this argument in its Findings and Recommendations regarding Plaintiffs' Motion for Leave to File a Fourth Amended Complaint, as follows:

> Defendants next assert that Plaintiffs' due process claim in Count 1 concerning the previous revocation of Muneera's U.S. passport is moot because Muneera has been reissued a passport.
>
> In response, Plaintiffs argue "there is an exception to the mootness doctrine for situations that are "capable of repetition yet evading review." United States v. Brandau, 578 F.3d 1064, 1067 (9th Cir. 2009) (quoting Gerstein v. Pugh, 420 U.S. 103, 111 n. 11 (1975)). For the controversies "capable of repetition, yet evading review" exception to the mootness doctrine to apply, a plaintiff must show: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration," and (2) "there is a reasonable expectation that the same complaining party will be subject to the same action again." Kingdomware Techs., Inc. v. United States, 579 U.S. 162, 170 (2016) (internal citations omitted).
>
> Plaintiffs contend that the above exception to the mootness doctrine applies here because the State Department unreasonably revoked Muneera's passport and later reversed its decision based on the same information that Muneera had initially submitted when she applied for the passport. Absent Court order, Plaintiffs argue that Muneera could be subject to the same action again by Defendants. And the proposed Fourth Amended Complaint asserts the existence of policies and practices implemented by Defendants to denaturalize and revoke the passports of Yemeni-American citizens.
>
> While Defendants argued in the hearing that the claim is moot because the government has determined Muneera is entitled to a U.S. passport, Defendants fell short of formally agreeing that Muneera is entitled to a court order declaring the same.
>
> Thus, Plaintiffs' due process claim in Count 1 is not clearly moot. Because the issuance of a Court order would redress the issue raised in this claim, the Court recommends granting Plaintiffs leave to amend this claim.

(ECF No. 113 at 13).

The Court recommends denying Defendants' motion to dismiss based on mootness for the

8

same reason as previously recommended.  As the Ninth Circuit has noted: "[C]laims for declaratory relief remain justiciable when the challenged governmental conduct is capable of repetition yet evades review. *Padilla v. Lever*, 463 F.3d 1046, 1050–52 (9th Cir. 2006). Defendants repeated revocation demonstrates that not only is injury is repeatable, but it has been repeated.

As to Defendants' new argument that Plaintiffs have not established that "the duration is too short to be litigated prior to cessation of the action," (ECF No. 131, at p. 20), the Court disagrees especially in light of the history of this litigation.  Plaintiffs filed their complaint in this case in 2020 and Defendants have yet to file an answer to that complaint over five years later. Under the circumstances, the Court cannot find that Plaintiffs will timely be able to obtain judicial relief outside of this litigation if Defendants revoke Muneera's passport again.

Defendants next argue that Count one should be dismissed for failure to state a claim because "[Muneera] Abdallah was provided with all the process she is due" because the State Department served Abdullah's attorney of record with the revocation notice stating the ground for revocation and the procedure for obtaining a post-revocation hearing.  (ECF No. 131, at p. 22).  In response, Plaintiffs argue that "[b]y waiting until Plaintiff Muneera was outside the United States to serve the passport revocation notice, Defendants were attempting to deprive Muneera of alienage determination proceeding where the government would carry the burden by 'clear, unequivocal and convincing evidence' that she was not a citizen of the United States."  (ECF No. 133, at p. 14).  In their reply, Defendants argue that Muneera could have requested a hearing to challenge the revocation of her passport and "the government would have been obligated to provide one, either overseas or in Washington D.C." (ECF No. 139, at p. 3).[3]

The Court recommends denying Defendants' motion to dismiss on this basis.  Plaintiffs have alleged that Defendants improperly and intentionally revoked Muneera's U.S. passport while she was outside the United States, which "caused her to be banished and exiled from the United States through administrative fiat."  (ECF No. 121, at p. 41).  Without controlling authority addressing this situation, the Court cannot find that Plaintiffs will be unable to prevail on their due process claim solely because Defendants served a notice and statement of reasons on

---

[3] Defendants do not provide any legal citation in support of this statement.  (ECF No. 139, at p. 3).

Plaintiffs' attorney of record in the U.S., while Plaintiff Muneera was abroad, before revoking her passport.

Defendants' final argument is that if Count one is not entirely disposed of, Defendant USCIS should be dismissed from Count One. (ECF No. 131 at 23). Defendants argue the following

> Count One concerns the revocation of Abdallah's U.S. Passport, an action taken by the State Department. USCIS had no role in the issuance or revocation of Abdallah's passport and thus, the named defendants associated with USCIS should be dismissed from this Count. Although Plaintiffs allege that revocation of Abdallah's passport ultimately resulted in A.M.Q.A. and R.M.Q.A. aging out of their eligibility for citizenship under 8 U.S.C. § 1433, a passport and an N-600k application are separate processes handled by different Departments of the United States government. Moreover, the passport was not necessary for the approval of the N-600K applications. Indeed, the N-600K applications were twice denied before Abdallah's passport was revoked in 2022, and two of the original four applications (the applications for Abdallah's children who had not aged out) were eventually approved in November 2023, before the State Department issued Abdallah a new passport in January 2024. Rose Decl. ¶ 8; Peek Decl. ¶¶ 5–6. Thus, officials of USCIS are not properly named defendants in Count One.

(*Id.* at 23-24).

The Court recommends denying the motion to dismiss on this ground. Plaintiffs have alleged in Count One that Defendants' determination to improperly revoke Muneera's passport also led to USCIS denying A.M.Q.A. and R.M.Q.A.'s N-600K applications. (ECF No. 121, at p. 6-7 ("USCIS's more than four year merry-go-round to continually deny the Plaintiffs' N-600Ks has been an attempt to prevent Yemeni children from acquiring US Citizenship until they reach the age of majority and are no longer eligible."); ECF No. 121, at p. 41 ("[t]hrough Defendants' determinations, Plaintiffs A.M.Q.A. and R.M.Q.A. also have been deprived of their birthright citizenship . . . .")). While the parties dispute whether the passport revocation led to USCIS's denial of the N-600Ks, it is undisputed that USCIS is the party responsible for that denial and is thus properly named as a defendant in this Count.

\\\

\\\

10

**b. Counts Two and Three: Violation of the Administrative Procedures Act (5 U.S.C. §§ 706(1) and (2)) as to Defendants Monica B. Lugo, USCIS Fresno Field Office; Lynn Feldman and Ur Jaddou, USCIS; USCIS Fresno Field Office; and Lynn Monica Toro**

Defendants move to dismiss Counts two and three for failure to state a claim because "USCIS properly exercised its authority when it reviewed [Muneera] Abdallah's N-600K applications for A.M.Q.A. and R.M.Q.A. and determined that the statutory criteria had not been established as required by statute," and that "Plaintiffs' claim rests on an inaccurate account of the facts." (ECF No. 131, at p. 24). Moreover, Defendants argue that "[t]o the extent that Plaintiffs[] claim that USCIS has unlawfully withheld granting a certificate of citizenship . . . USCIS could not award a certificate of citizenship in contravention of the statutory requirements once A.M.Q.A. or R.M.Q.A. turned 18 years old." (ECF No. 131, at p. 27).

In response, Plaintiffs argue that "[t]he underlying cause of the N-600K denials was flawed, and the Defendants acknowledge those flaws by reopening the N-600Ks for N.M.Q.A. and N.M.Q.A., and issuing Certificates of Citizenship. As alleged in Counts Two and Three, however, the Defendants actively and intentionally delayed the reopening the N-600K applications and reissuing Plaintiff Muneera's passport until after Plaintiffs Alia and Ramzi were older than age 18." (ECF No. 133, at p. 18). Plaintiffs thus argue that they have alleged a violation of the APA in Counts Two and Three.

In the fourth amended complaint, Count two, Plaintiffs allege a violation of the APA, 5 U.S.C. § 706(1), because Defendants have a "non-discretionary duty to adjudicate N-600K petitions in accordance with all legal procedures, standards, and requirements." *citing United States ex rel. Accardi*, 347 U.S. at 266, 288; *Morton,* 415 U.S. at 235; *Church of Scientology of Cal.,* 920 F.2d at 1487; *Romeiro de Silva*, 773 F.2d at 1025. (ECF No. 121 at 43). Additionally, Plaintiff allege in the complaint that Defendants possessed all relevant documents to demonstrate that Alia and Ramzi were eligible for citizenship, passports, and certificates of citizen, but the applications were wrongly denied based on a typographical error on a non-relevant document. (*Id.*). As a result, Defendants' actions caused unreasonable delays in the adjudication of Alia and Ramzi's applications prior to the children aging out of eligibility. (*Id.* at 44). Plaintiffs allege that

11

Defendants intentionally waited until this time, despite being subjected to present litigation, to reopen the petitions. (*Id.*).

In Count Three of the Fourth Amended Complaint, Plaintiffs allege Defendants have a "non-discretionary duty to adjudicate N-600K petitions in accordance with all legal procedures, standards, and requirements." *citing United States ex rel. Accardi*, 347 U.S. at 266, 288; *Morton,* 415 U.S. at 235; *Church of Scientology of Cal.,* 920 F.2d at 1487; *Romeiro de Silva*, 773 F.2d at 1025. (ECF No. 121 at 46). Additionally, Defendant Lugo's authority does not allow the exceeding of federal statutes and regulations to re-adjudicate a prior decision determining Muneera's citizenship. (*Id.*). Plaintiffs state Defendants violated the Administrative Procedure Act, by arbitrarily, willfully, and unlawfully withholding Alia and Ramzi's the issuance of their US Citizenship and failed to carry out the administrative functions delegated to them by law and regulation regarding Alia and Ramzi's case by delaying the adjudication of their applications under INA § 322 and 8 USC § 1433(a). (*Id.*).

The Court recommends denying Defendants' motion to dismiss Counts Two and Three. Defendants' motion does not raise a legal challenge to the counts as alleged. Rather, Defendants argue that the facts will ultimately not support those legal contentions.  Plaintiffs' Fourth Amended Complaint has alleged facts that, if true, would support a violation of the Administrative Procedure Act.

### c. Count Four: Fifth Amendment Procedural Due Process against all Defendants

In the motion to dismiss, Defendants argue that "Count Four should be dismissed because USCIS properly exercised its authority to deny the N600K's for A.M.Q.A. and R.M.Q.A. for the reasons discussed above." (ECF No. 131 at 27).  Moreover, Defendants argue that Plaintiffs were given notice of USCIS's intent to deny the N-600K applications with its reasoning in a notice dated in early March 2021 and thus provided due process.

In response, Plaintiffs argue that Count Four sufficiently states a claim for violation of due process by alleging that Defendants unreasonably delayed and improperly denied Plaintiff Alia and Ramzi's N-600K applications in order to cause Plaintiff to age out of naturalization under the applicable law.  (ECF No. 133, at p. 20).  In support Plaintiffs rely on *Brown v. Holder*, where the

Ninth Circuit noted that "Brown may still be able to establish acclaim to citizenship if he can show that INS's mishandling of applications resulted in a violation of his constitutional right to due process." *Brown v. Holder*, 763 F.3d 1141, 1149-50 (9th Cir. 2014) ("[I]f Brown can show that INS arbitrarily and intentionally obstructed his application, his right to due process has been violated. The government also violated Brown's right to due process if it has…been deliberately indifferent to whether his application was processed.").

The Court recommends denying Defendants' motion to dismiss Count Four because Plaintiffs have alleged that "Defendants' improper denial and unreasonable delay in properly and lawfully adjudicating A.M.Q.A. and R.M.Q.A.'s N-600K applications" violated due process.

### d.  Count Five: Violation of Equal Protection under the Fifth Amendment of the Constitution against all Defendants

Next, Defendants move to dismiss Plaintiff's Count Five for violation of the Equal Protection Clause because "Plaintiffs' allegation demands assumptions unsupported by non-conclusory allegations of fact." (ECF No. 131, at p. 29).  Defendants point out that Plaintiffs have alleged discrimination against Yemeni natives in some places and against all Muslims in other places.  (*Id.* at p. 29).  Defendants also argue that "not all applicants for citizenship are necessarily similarly situated." (*Id.* at p. 29).  Defendants then address some of the specific factual allegations from the complaint, including arguing that programs that unlawfully re-adjudicated U.S. Citizenship were in fact lawful, that Plaintiffs' selectively quoted from other sources.  (ECF No. 131, at p. 30).

> In opposition, Plaintiffs argue as follows
> The Defendants' claim that the Plaintiffs have failed "to identify another group of similarly  situated applicants from whom they have been treated differently" ignores the reality of the Fourth Amended Complaint, where the Plaintiffs spent a significant portion of the Fourth Amended Complaint discussing policy that was created specifically as to Yemeni applicants specifically on one part, Muslim applicants generally for another, as compared to all other applicants for the same benefits. The INA and CFR, as well as all non-Yemeni specific USCIS and DOS policies are the standard applied to all other "similarly situated applicants" from whom the Plaintiffs have been treated differently. Other "similarly situated applicants" do not have an OIG report dedicated to the U.S. Embassy's practice of improper passport revocations. (ECF 121, ¶ 141). Other "similarly situated applicants" did not have an entire section of the Adjudicator Field Manual dedicated to adjudication of their applications, which had to be specifically rescinded to avoid further litigation in another lawsuit…

13

To the extent that the Defendants argue the Plaintiffs have not *proven* racial animus in the Complaint, the Plaintiffs are not required at this stage to *prove* their allegations, only to plausibly *allege* that their applications have been held to a different standard from other applicants, which they have done here.

(ECF No. 133 at 24-25).

The Court recommends denying Defendants' motion to dismiss Count Five because Plaintiffs have alleged sufficient facts to proceed on their equal protection claim, including the allegation that Defendants explained the formulation of different standards for Yemeni adjudication by stating:

"***I am liking the idea of required testing resulting in abandoned cases that never get to us.*** We'd love to just not get cases here. I would call your attention to the attached fraud cable we recently completed. Our step-children problem is growing and of great concern to us here. ***Given the information we have, we'd love to see you require DNA testing even on*** claimed 'step-child' cases -- ***basically all Yemeni cases. We think you'd see many of them fail to comply with the DNA requirement***, as well, since the 'step-kids' are really biological kids. The one big issue for us is that we would have to be notified by USCIS when the case has been abandoned."

(ECF No. 121, at p. 54). While Defendants' motion argues that each piece of evidence included in the Fourth Amended Complaint does not indicate discrimination, the Court finds that Plaintiffs' allegation of discrimination is not purely conclusory and is sufficiently supported by factual allegations to proceed.

### e. Redressability

Defendants next argue that Plaintiffs' Claims challenging the denial of Alia and Ramzi's N-600K applications lack redressability. As to this argument, Defendants state that "Defendants recognize that the Court addressed this in its consideration of Plaintiffs' motion for leave to amend but raise the issue here for further review." (ECF No. 131, at p. 31).

As Defendants concede, the Court already addressed this issue extensively in its Findings and Recommendations related to Plaintiffs' motion for leave to file the Fourth Amended Complaint, (ECF No. 113, at p. 11), which were adopted in full over Defendants' objections (ECF No. 120).

The Court thus recommends denying Defendants' motion to dismiss based on lack of redressability for the same reasons set forth in its previous Findings and Recommendations. (ECF No. 113, at p. 11-13).

14

### f.  Count Seven: Declaratory Judgment Act as to all Defendants

Defendants also argue that Count Seven should be dismissed because the Declaratory Judgment Act provides a remedy and not an independent, substantive cause of action. (ECF No. 131 at 24).

In response, Plaintiffs argue that they have properly alleged a claim under the Declaratory Judgment act because the federal court has jurisdiction over the other related claims, and a declaratory judgment would serve a useful purpose in clarifying the legal relations at issue here. (ECF No. 133, at p. 25) ("Courts have found that APA claims can be supplemented and supported by Declaratory Judgment claims as APA claims address policy while the Declaratory Judgment supplements their rights. *See Mansor v. United States Citizenship & Immigr. Servs.,* No. 23-cv-0347, 2023 U.S. Dist. LEXIS 134429 at 28 (W.D. Wa. 2023), *citing McGraw-Edison Co. v. Performed Line Prods. Co*., 362 F.2d 339, 343 (9th Cir. 1966)").

Count Seven seeks a declaration "to the effect under 28 U.S.C. § 2201 as the Defendants have severally and jointly failed to lawfully discharge their mandated official duties."  (ECF No. 121, at p. 59).

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "However, declaratory relief is a remedy, not a freestanding cause of action, and Plaintiffs' action for declaratory relief survives only to the extent that Plaintiffs' other causes of action state a claim for relief." *Darling v. Green*, No. 12-cv-00362-PSG-CW, 2013 WL 12132058, at *9 (C.D. Cal. Apr. 18, 2013); *see also City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022) ("We agree with our sister circuits that have considered the issue that the Declaratory Judgment Act does not provide an affirmative cause of action where none otherwise exists."); *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1097 (N.D. Cal. 2022) ("The Declaratory Judgment Act does not provide an independent theory for recovery; if the underlying claims are dismissed, ... then there is no basis for any declaratory relief."); *Lorona v. Ariz. Summit L. Sch., LLC*, 151 F. Supp. 3d 978, 997 (D. Ariz. 2015) ("The Second Amended Complaint lists declaratory and injunctive relief as separate counts.... These are remedies, not independent causes

of action.").

The Court agrees with Defendants that Plaintiffs' Count Seven should be dismissed because it is not a proper separate cause of action, without prejudice to Plaintiffs seeking a declaratory judgment as a form of relief in connection with their other causes of action.

### g.   State Department dismissal from N-600K claim

Finally, in a brief paragraph, Defendants argue that should any claims survive the motion to dismiss, the State Department should be dismissed from claims related to the N-600K applications.  Thus, Defendants request dismissal of the State Department from counts two through five.

The Court recommends denying Defendants' motion to dismiss on this basis. The Court finds that Plaintiffs have alleged that USCIS' decision to deny the N-600K applications was done in conjunction with the State Department's revocation of Plaintiff Muneera's US passport.  While Defendants contest this connection, the Court does not find a sufficient basis to dismiss the State Department from those counts at this time.

## V.    CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, IT IS RECOMMENDED that:

1.  Defendants' motion to dismiss be GRANTED in part as follows:

    a.   Plaintiffs' Count Seven for violation of the Declaratory Judgment Act be DISMISSED.

2.  The remainder of Defendants' motion to dismiss is DENIED. (ECF No. 131).

3.  Plaintiffs be permitted to proceed on the following claims in the Fourth Amended Complaint: Fifth Amendment Due Process claim (Count 1); violation of APA, 5 U.S.C. § 706(1) (Count 2); violation of APA, 5 U.S.C. § 706(2) (Count 3); Fifth Amendment Procedural Due Process claim (Count 4); and Fifth Amendment Equal Protection claim against all Defendants (Count 5).

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. Further, any objections shall be limited to no more than fifteen (15) pages, including exhibits. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 11, 2026**                    /s/ *Erica P. Grosjean*
                                             UNITED STATES MAGISTRATE JUDGE

17