UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIA MAGEB QASEM AL-ATRI, et al., | Case No.: 1:20-cv-01556 JLT EPG |
| Plaintiffs, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT |
| MONICA B. LUGO, et al., | |
| Defendants. | |
| | (Docs. 131, 145) |

Muneera Nasr Ali Abdullah ("Muneera"), Alia Mageb Qasem Al-Atri ("Alia"), and Ramzi Mageb Qasem Al-Atri ("Ramzi")[1] assert federal statutory and constitutional claims arising from the denial of Alia and Ramzi's N-600K Applications for Citizenship and Issuance of Certificate and the revocation of Muneera's United States passport.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge issued Findings and Recommendations recommending that Defendants' motion to dismiss be granted in part and denied in part.  (Docs. 131, 145.)  The Court served the findings and recommendations on the parties, informed them that objections were due within 30 days, and advised that the "[f]ailure to file objections within the specified time may result in waiver of rights on appeal." (*Id*. at 20-21, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839

---

[1] Alia and Ramzi were minors at the time this lawsuit was filed in 2020, and earlier filings in this matter refer to these Plaintiffs by their initials, A.M.Q.A. and R.M.Q.A. (*See* Doc. 112.).

(9th Cir. 2014)).  On June 10, 2026, Defendants filed objections to the findings and recommendations.  (Doc. 147.)  Plaintiffs filed a response.  (Doc. 148.)  This Court reviewed the matter de novo.

First, the Court rejects Defendants' assertion that the magistrate judge was incorrect to recommend denying the motion to dismiss count one as to the USCIS.  (*See* Doc. 147 at 1–2.)  As the magistrate judge explained, and as plaintiffs argue in their response, count one is based on allegations about concerted or interrelated actions involving USCIS.  (*See* Docs. 145 at 10; 148 at 5.)  The Court similarly rejects Defendants' contention that the USCIS should be dismissed from counts two through five based on what they describe as the "separate and distinct responsibilities and authority" of the agencies involved.  (Doc. 147 at 5.)

Second, the Court rejects Defendants' argument that count one is moot simply because plaintiff Muneera Abdallah currently possesses a U.S. Passport and a certificate of citizenship. *See Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 241 (2024) ("The Constitution deals with substance, not strategies." (citation and quotation marks omitted)).  The magistrate judge also correctly determined that the relevant circumstances change too quickly by their nature and can reasonably be expected to recur based on Plaintiffs' allegations, which at this stage the Court must accept.  (*See* Doc. 145 at 8); *see also Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (discussing test for live controversies that are "capable of repetition, yet evading review").

Third, the Court rejects Defendants' arguments about redressability for the reasons in previous orders.  (*See* Docs. 147 at 5; 145 at 14; 120 at 2; 133 at 11–13.) Finally, correcting the references to pro se litigants and responsive pleadings in the F&Rs would not lead to any different outcome.  Defendants do not contend otherwise.  (*See* Doc. 147 at 5–6.) Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued May 11, 2026 (Doc. 145) are **ADOPTED** in full, with the corrections noted immediately above.

2. Defendants' motion to dismiss (Doc. 131) is **GRANTED IN PART**.  Count Seven for violation of the Declaratory Judgment Act is **DISMISSED**.

2

3.  The remainder of Defendants' motion to dismiss is **DENIED**. (Doc. 131.)

4.  Plaintiffs may proceed on the following claims in the Fourth Amended Complaint: Fifth Amendment Due Process claim (Count 1); violation of APA, 5 U.S.C. § 706(1) (Count 2); violation of APA, 5 U.S.C. § 706(2) (Count 3); Fifth Amendment Procedural Due Process claim (Count 4); and Fifth Amendment Equal Protection claim against all Defendants (Count 5).

IT IS SO ORDERED.

Dated:   July 8, 2026_                                        _Jennifer L. Thurston_____
                                                                          UNITED STATES DISTRICT JUDGE